UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| A & R CONSULTANTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-00393 |
| | ) | Judge Sharp |
| INDIA ARIE SIMPSON, INDIA ARIE, | ) | |
| INC., and GOLD & IRON COMPANY, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

India Arie Simpson ("Simpson"), the recording artist who performs under the name India.Arie, signed a Personal Management Agreement ("Agreement") with Plaintiff A & R Consultants, LLC. When she allegedly breached the Agreement, Plaintiff sued not only her, but also Defendants India Arie, Inc. and Gold & Iron Company Inc. ("the corporate Defendants").

The corporate Defendants have moved to dismiss (Docket No. 7) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing the Complaint fails to state a claim against them because (1) Plaintiff never entered into a contract with the corporate Defendants, a necessary prerequisite for a breach of contract claim; (2) Plaintiff never performed any work for the corporate Defendants as required for an unjust enrichment claim; and (3) declaratory relief is unavailable given that the corporate Defendants are not signatories to the Agreement. In their reply brief (Docket No. 35), which Plaintiff moves to strike (Docket No. 36), the corporate Defendants also argue that (1) while the Agreement purportedly has a comprehensive merger clause, Plaintiff does not allege any agreement in writing that extends to the corporate Defendants, and, (2) as for any oral agreement,

1

the same would be unenforceable because it would be for a term of more than one year.

Although Rule 8 speaks in terms of a complaint providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this entails showing "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

Having fully considered the arguments of the parties, Plaintiff has met its minimal burden and the Motion to Dismiss will be denied. The factual allegations in the Complaint, accepted as true, are more than sufficient to show that it is entitled to relief from the corporate Defendants, and to allow the Court to draw the inference that the corporate Defendants may be liable to Plaintiff for breach of contract and unjust enrichment.

Plaintiff's claims are not based solely upon the Agreement, but rather on what it claims were oral and mixed oral and written agreements between it, Simpson, and the corporate Defendants. Further, the Agreement contains a clause relating to Plaintiff receiving compensation should Simpson form a company or participate in certain ways as an owner or shareholder in a company. Plaintiff alleges that is what happened in relation to the corporate Defendants, and Simpson is the

Chief Executive Officer, Chief Financial Officer and Secretary of both.

As for the comprehensive merger clause, the sole case upon which the corporate Defendants rely, Tidewell v Morgan Bldg. Sys., Inc., 840 S.W.2d 373, 375 (Tenn. App. 1992) (emphasis added), states that "where the parties have executed a written contract providing that "no conditions or agreements exist other than those contained herein, pursuant to T.C.A. § 47–50–112(a) a *rebuttable presumption* arises that the document accurately reflects the complete and final agreement of the parties." In any event, construed in Plaintiff's favor the claim is not that the Agreement was modified to include the Defendants but, rather, that A & R had an agreement(s) written, oral, and/or mixed by which all three Defendants are bound. Finally, while it is true that contracts not to be performed within one year must be in writing to be enforceable under Tenn. Code Ann. § 29-2-101(a)(5), the Agreement speaks in terms of "first," "second," and "third" contract periods, each of which is for exactly one year.

Whether what Plaintiff claims is true remains to be seen, and no doubt many of the arguments raised by the corporate Defendants may be revisited in the context of a Motion for Summary Judgment. The Complaint as drafted, however, is sufficient for purposes of Rule 8.

Accordingly, the corporate Defendant's Motion to Dismiss (Docket No. 7) is hereby DENIED, Plaintiff's Motion to Strike is hereby DENIED (Docket No. 36), and Plaintiff's proposed surreply (Docket No. 36-1) is hereby FILED AS OF RECORD in this case.

It is SO ORDERED.

*Kevin H. Sharp*
———————————————
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE